SUSAN C. NELSON
DUNN & BLACK, P.S.
111 N. Post St., Suite 300
Spokane, WA 99201-0907
Telephone: (509) 455-8711
Facsimile: (509) 455-8734
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation, | NO. _____ |
| Plaintiffs, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **JURY TRIAL DEMANDED** |
| AR-TT, LLC, a Washington limited liability company, d/b/a Takedown Tools; CLAUSEN INC., a Washington corporation; JONATHAN CLAUSEN, an individual; and JODI CLAUSEN, an individual, | |
| Defendants. | |

This is an action for patent infringement in which ABC IP LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") accuse AR-TT LLC, d/b/a Takedown Tools ("Takedown Tools"), Clausen Inc. ("Clausen"), Jonathan Clausen ("Jonathan"), and Jodi Clausen ("Jodi") (collectively, "Defendants"), of infringing U.S. Patent No. 10,514,223 ("the '223

COMPLAINT FOR PATENT
INFRINGEMENT - 1

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Patent"), U.S. Patent No. 11,724,003 ("the '003 Patent"), 12,036,336 ("the '336 Patent"), and 12,274,807 ("the '807 Patent") (collectively, "the Asserted Patents") as follows:

## PARTIES

1.     ABC is a limited liability company organized under the laws of the State of Delaware with an address at 8 The Green, Suite A, Dover, Delaware 19901.

2.     Rare Breed is a Texas corporation having a place of business at 2710 Central Freeway, Suite 150-151, Wichita Falls, TX 76306.

3.     Upon information and belief, AR TT LLC, d/b/a Takedown Tools, is a limited liability company organized under the laws of the State of Washington with an address at 904 W Riverside Ave., Unit 2171, Spokane, WA 99210.

4.     Upon information and belief, Clausen is a Washington corporation with an address at 904 W Riverside Ave., Unit 2171, Spokane, WA 99210.

5.     Upon information and belief, Defendant Jonathan is an individual residing in Spokane, Washington, who operates and directs the complained-of activities of Takedown Tools.

6.     Upon information and belief, Defendant Jodi is an individual residing at in Spokane, Washington, who operates and directs the complained-of activities of Takedown Tools.

COMPLAINT FOR PATENT
INFRINGEMENT - 2

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284-85.

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338, which directs that United States District Courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents and pursuant to 28 U.S.C. § 1331, which pertains to civil actions arising under the laws of the United States.

9.     Personal jurisdiction over Defendants is proper in this District because the Defendants reside in and/or have a regular and established place of business in this District.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Defendants reside in or have committed acts of infringement and have a regular and established place of business in this District.

## BACKGROUND

11.     This lawsuit asserts direct infringement of U.S. Patent No. 10,514,223 ("the '223 Patent"), U.S. Patent No. 11,724,003 ("the '003 Patent"), 12,036,336 ("the '336 Patent"), and 12,274,807 ("the '807 Patent") ("the Asserted Patents"). True and correct copies of the '223, '003, '336, and '807 Patents ("the Asserted Patents") are attached hereto as Exhibits A, B, C, and D respectively.

COMPLAINT FOR PATENT
INFRINGEMENT - 3

12.     The '223 Patent was lawfully and properly issued by the United States Patent and Trademark Office on December 24, 2019.

13.     The '003 Patent was lawfully and properly issued by the United States Patent and Trademark Office on August 15, 2023.

14.     The '336 Patent was lawfully and properly issued by the United States Patent and Trademark Office on July 16, 2024.

15.     The '807 Patent was lawfully and properly issued by the United States Patent and Trademark Office on April 15, 2025.

16.     ABC is the current owner by assignment of all right, title and interest in and to the '223, '003, '336, and '807 Patents ("the Asserted Patents"). These assignments have been recorded at the United States Patent and Trademark Office ("USPTO").

17.     Rare Breed is the exclusive licensee of the '223, '003, '336, and '807 Patents ("the Asserted Patents").

18.     Upon information and belief, Defendants have committed acts of direct, contributory, and induced patent infringement, which will be described in more detail below. These acts are in violation of 35 U.S.C. § 271 and should be considered willful.

19.     Upon information and belief, Defendants share a joint sale staff and/or organization with Partisan Triggers, the manufacturer of the Infringing Device (the

COMPLAINT FOR PATENT
INFRINGEMENT - 4

Partisan Disruptor). Partisan Triggers, in promotion of the Infringing Device, includes a page titled "FRT Legal Library" at https://partisantriggers.com/library/. This web page links to copies of several documents, including the '223 Patent, the'003 Patent, and the '336 Patent, showing that Partisan Triggers and Defendants' joint sales staff are aware of Plaintiffs' patent rights and that they are relevant to the product it is making, using, selling, offering for sale, and/or importing. This provides notice of Plaintiffs' patent rights to Defendants.

## THE INVENTIONS

20.    By way of background, a typical AR15-pattern firearm, for example, is considered a semiautomatic firearm. The operation of a *standard disconnector* AR-pattern trigger mechanism is commenced by the trigger member being pulled by the user. The trigger member releases the hammer from the trigger sear and allows the hammer to strike the firing pin. A portion of the propellant gas is used to begin the process of sending the bolt carrier to the rear of the firearm. The rearward movement of bolt carrier cocks the hammer on the disconnector and then the bolt is allowed to return forward into battery with a new round inserted into the chamber. While this is happening, in the standard AR-pattern semiautomatic trigger, the user can either continue to hold the trigger member in a pulled (i.e., fired) state or allow the trigger to return to its reset state, in which the sear, rather than the disconnector, engages and holds the hammer in a cocked position. When

COMPLAINT FOR PATENT
INFRINGEMENT - 5

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

the user reduces pressure on the trigger member to allow the trigger spring to reset the trigger member, the disconnector releases the hammer to engage the trigger sear.

21.     In the standard AR-pattern trigger assembly, the purpose of the disconnector is to hold the hammer in a cocked position until the trigger member is reset by a trigger spring when the user lets the trigger reset. The disconnector allows the firearm to be fired only a single time when the trigger is pulled and held, because the user is not typically able to manually reset the trigger rapidly enough so that the sear engages before the bolt carrier or bolt returns to its in-battery position. The disconnector prevents the firearm from either firing multiple rounds on a single pull of the trigger, or from allowing the hammer to simply "follow" the bolt carrier as it returns to battery without firing a second round, leaving the hammer uncocked.

22.     In contrast, in a forced reset trigger mechanism, cycling of the bolt carrier or bolt causes the trigger member to be forced to the reset position and hold the trigger member there until the bolt or bolt carrier is back in battery, when it is safe for the user to pull the trigger again, without the need for a disconnector.

23.     The '223 Patent describes and claims a device in which the cycling of the action causes hammer contact with the trigger member to forcefully reset the

COMPLAINT FOR PATENT
INFRINGEMENT - 6

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

hammer and trigger member. A locking bar prevents the trigger member from being pulled again by the user until the bolt carrier has returned to the in-battery position.

24.    The '003, '336, and '807 Patents describe and claim a similarly operating device with the additional feature that it can be selected to operate in either of two distinct modes: 1) standard disconnector semiautomatic mode and 2) forced reset semiautomatic mode.

25.    The claims of the patents define the scope of the patented invention(s).

## THE FIRST INFRINGING DEVICE

26.    On information and belief, Defendants are currently making, using, selling, and/or offering for sale a (3-Position) "Partisan Disruptor" ("the First Infringing Device"), which embodies the technology claimed in the '223, '003, '336 and '807 Patents.

27.    On information and belief, Defendants sell or offer for sale the First Infringing Device via Takedown Tools' website www.artakedowntool.com.

28.    The First Infringing Device can be sold in two variations:

    a.    <u>As a standalone product</u>, which includes all the components necessary to practice the claimed invention and directly infringe the '223, '003, '336 and '807 Patents; and/or

    b.    <u>Pre-installed in a receiver and/or complete firearm</u>, which includes all the components necessary to practice the claimed

COMPLAINT FOR PATENT
INFRINGEMENT - 7

invention and directly infringe the '223, '003, '336, and '807 Patents.

29.     Exemplary photographs are shown below:



30.     The First Infringing Device also can operate in a "disconnector mode," which is much like that of a standard AR-15 trigger. The user can switch between safe, standard semiautomatic with disconnector, and forced reset semiautomatic with cam modes by moving the safety selector between positions.

31.     Whenever all of the components of the claimed invention are provided together, the Defendants commit direct infringement under 35 U.S.C. § 271(a).

32.     For the reasons explained in more specificity below, Defendants' First Infringing Device, when provided as a standalone product or pre-installed in a receiver and/or complete firearm, directly infringes at least one claim of the '223,

COMPLAINT FOR PATENT
INFRINGEMENT - 8

'003, '336 and '807 Patents and thus Defendants are liable for direct patent infringement pursuant to 35 U.S.C. § 271(a).

33. In view of the Defendants' awareness of Plaintiffs' patent rights, the infringement is willful.

## COUNT I – DIRECT INFRINGEMENT OF THE '223 PATENT

34. The allegations set forth in paragraphs 1-33 are fully incorporated into this First Count for Relief.

35. Upon information and belief, Defendants have and continue to willfully directly infringe at least Claim 4 of the '223 Patent by making, using, selling, offering for sale, and/or importing without authority within the United States, the First Infringing Device.

36. Because the claims describe the invention as "comprising" the enumerated elements, the scope of the claims is not limited to those elements and the inclusion of additional structures or features not specified in a claim does not avoid infringement.

37. An exemplary comparison of the First Infringing Device with claim 4 of the '223 Patent is illustrated in the chart below:

| Claim Language | Infringing Device (Partisan Disruptor) |
|---|---|
| 4. For a firearm having a receiver with a fire control mechanism | The Infringing Device is for an AR-pattern firearm, which has a lower receiver with a fire control pocket |

COMPLAINT FOR PATENT
INFRINGEMENT - 9

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| pocket, assembly pin openings in side walls of the pocket, and a bolt carrier that reciprocates and pivotally displaces a hammer when cycled, a trigger mechanism, comprising: | and assembly pin openings in side walls of the pocket.  An AR-pattern firearm has a bolt carrier that reciprocates and pivotally displaces a hammer when cycled.  Defendants describe the "Partisan" trigger as a "Forced-Reset Drop-In Cassette Trigger FRT" on the website. (https://www.artakedowntool.com/products/partisan- |

COMPLAINT FOR PATENT
INFRINGEMENT - 10

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| | forced-reset-drop-in-cassette-trigger-frt-ar-15-platform-usa-made). |
| a housing having transversely aligned pairs of openings for receiving hammer and trigger assembly pins; | The Infringing Device includes a housing with transversely aligned pairs of openings for receiving hammer and trigger assembly pins.  |
| a hammer having a sear notch and mounted in the housing to pivot on a transverse axis between set and released positions; | The Infringing Device includes a hammer with a sear notch and is mounted in the housing to pivot on a transverse axis between set and released positions.  |
| a trigger member having a sear and mounted in the housing to pivot on a transverse axis between set and released | The Infringing Device includes a trigger member with a sear and that is mounted in the housing to pivot on a transverse axis between set and released positions. |

COMPLAINT FOR PATENT
INFRINGEMENT - 11

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| positions, the trigger member having a surface positioned to be contacted by the hammer when the hammer is displaced by the bolt carrier when cycled, the contact causing the trigger member to be forced to the set position; | <br><br>The trigger member has a surface positioned to be contacted by the hammer when the hammer is displaced by the bolt carrier when cycled.<br><br>The contact causes the trigger member to be forced to the set position. |
| a locking bar pivotally mounted in the housing and spring biased toward a first position in which the locking bar mechanically blocks the trigger member from moving to the released position, and movable against the spring bias to a second position when contacted by the bolt carrier reaching a substantially in-battery position in which the trigger member can be moved by an external | The Infringing Device includes a locking bar that is pivotally mounted in the housing.<br><br><br><br>The locking bar is spring biased toward a first position in which the locking bar mechanically blocks the trigger member from moving to the released position. |

COMPLAINT FOR PATENT
INFRINGEMENT - 12

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| force to the released position. | The locking bar is movable against the spring bias to a second position when contacted by the bolt carrier reaches a substantially in-battery position. In this position, the trigger member can be moved by an external force (pull by the trigger finger) to the released position. |
| --- | --- |

38.    Accordingly, Defendants' sale and/or offer to sell the 'First Infringing Device is direct infringement under 35 U.S.C. § 271(a).

39.    Accordingly, the Defendants' making, using, selling, offering for sale, and/or importing of the First Infringing Device is a direct infringement of the '223 Patent.

40.    Defendants' acts of infringement are willful and for no other purpose than to deliberately and irreparably harm Plaintiffs' business, sales, reputation, and good-will.

41.    Plaintiffs have been substantially harmed by Defendants' infringing activities and are entitled to relief including but not limited to a preliminary injunction, a permanent injunction, damages adequate to compensate for the infringement, being lost profits or no less than a reasonable royalty, treble damages, and attorneys' fees.

**COUNT II – DIRECT INFRINGEMENT OF THE '003 PATENT**

42.    The allegations set forth in paragraphs 1-41 are fully incorporated into this Second Count for Relief.

COMPLAINT FOR PATENT
INFRINGEMENT - 13

43.   Upon information and belief, Defendants have and continue to willfully directly infringe at least Claim 4 of the '003 Patent by making, using, selling, offering for sale, and/or importing without authority within the United States, the 'First Infringing Device.

44.   An exemplary comparison of the 'First Infringing Device with claim 4 of the '003 Patent is illustrated in the chart below:

| Claim Language | Infringing Device (Partisan Disruptor) |
|---|---|
| 4. A firearm trigger mechanism comprising: | The Infringing Device is a firearm trigger mechanism. Defendants describe the "Partisan" trigger as a "Forced-Reset Drop-In Cassette Trigger FRT" on the website. (https://www.artakedowntool.com/products/partisan-forced-reset-drop-in-cassette-trigger-frt-ar-15-platform-usa-made). |
| a housing having a first pair of transversely aligned openings for receiving a hammer pin and a second pair of transversely aligned openings for receiving a trigger member pin, | The Partisan Disruptor includes a housing that has a first pair of transversely aligned openings for receiving a hammer pin and a second pair of transversely aligned openings for receiving a trigger member pin.<br><br> |

COMPLAINT FOR PATENT
INFRINGEMENT - 14

| | |
|---|---|
| | The Infringing Device is sold with hammer and trigger pins.<br> |
| a hammer having a sear catch and a hook for engaging a disconnector and mounted in said housing to pivot on said hammer pin between set and released positions, said hammer adapted to be pivoted rearward by rearward movement of a bolt carrier, | The Infringing Device includes a hammer that has a sear catch and a hook for engaging a disconnector. It is mounted in the housing to pivot on the hammer pin between set and released positions. The hammer is pivoted rearward by rearward movement of a bolt carrier.<br> |
| a trigger member having a sear and mounted in said housing to pivot on said trigger member pin between set and released positions, said trigger member having a surface positioned to be contacted by a surface of said hammer during |  |

COMPLAINT FOR PATENT
INFRINGEMENT - 15

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| rearward pivoting of said hammer to cause said trigger member to be forced to said set position, | The Partisan Disruptor includes a trigger member that has a sear and is mounted in the housing to pivot on the trigger member pin between set and released positions. The trigger member has a surface positioned to be contacted by a surface of said hammer during rearward pivoting of the hammer to cause the trigger member to be forced to the set position.  |
| wherein said sear and sear catch are in engagement in said set positions of said hammer and trigger member and are out of engagement in said released positions of said hammer and trigger member, | The sear and sear catch are in engagement in the hammer and trigger member set positions and are out of engagement in the hammer and trigger member released positions. |
| a disconnector having a hook for engaging said hammer and mounted in said housing to pivot on said trigger member pin, |  |

COMPLAINT FOR PATENT
INFRINGEMENT - 16

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | The Infringing Device includes a disconnector that has a hook for engaging the hammer and is mounted in the housing to pivot on the trigger member pin. |
|---|---|
| a locking member mounted in said housing to pivot on a transverse locking member pin, said locking member being pivotable between a first position at which said locking member mechanically blocks said trigger member from moving to said released position and a second position at which said locking member does not mechanically block said trigger member allowing said trigger member to be moved to said released position, said locking member spring biased toward said first position and adapted to be moved against said spring bias to said second position by contact from the bolt carrier during forward movement of the bolt carrier as the bolt carrier reaches a substantially in-battery position, and | The Infringing Device includes a locking member mounted in the housing to pivot on a transverse locking member pin. The locking member is pivotable between a first position at which it mechanically blocks the trigger member from moving to the released position and a second position at which it does not mechanically block the trigger member, allowing the trigger member to be moved to the released position. The locking member is spring biased toward the first position and is moved against the spring bias to the second position by contact from the bolt carrier during forward movement of the bolt carrier as the bolt carrier reaches a substantially in-battery position |
| a safety selector adapted to be mounted in a fire control mechanism pocket of a receiver to | The Infringing Device includes a safety selector that is mounted in the fire control mechanism pocket of a receiver to pivot between safe, standard semi- |

COMPLAINT FOR PATENT
INFRINGEMENT - 17

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| pivot between safe, standard semi-automatic, and forced reset semi-automatic positions, | automatic, and forced reset semi-automatic positions.<br><br> |
| whereupon in said standard semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook catches said hammer hook, at which time a user must manually release said trigger member to free said hammer from said disconnector to permit said hammer and trigger member to pivot to said set positions so that the user can pull said trigger member to fire the firearm, and | When in the standard semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of the hammer such that the disconnector hook catches the hammer hook, at which time a user must manually release the trigger member to free the hammer from the disconnector to permit the hammer and trigger member to pivot to the set positions so that the user can pull the trigger member to fire the firearm.<br><br> |
| whereupon in said forced reset semi-automatic position, | When in the forced reset semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of the hammer, causing the trigger |

COMPLAINT FOR PATENT
INFRINGEMENT - 18

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| rearward movement of the bolt carrier causes rearward pivoting of said hammer causing said trigger member to be forced to said set position, said safety selector preventing said disconnector hook from catching said hammer hook, and thereafter when the bolt carrier reaches the substantially in-battery position the user can pull said trigger member to fire the firearm without manually releasing said trigger member. | member to be forced to the set position. The safety selector prevents the disconnector hook from catching the hammer hook. Thereafter, when the bolt carrier reaches the substantially in-battery position, the user can pull the trigger member to fire the firearm without manually releasing the trigger member. |

45.     Accordingly, Defendants' sale and/or offer to sell the 'First Infringing Device is direct infringement under 35 U.S.C. § 271(a).

46.     Accordingly, the Defendants' making, using, selling, offering for sale, and/or importing of the First Infringing Device is a direct infringement of the '003 Patent.

47.     Defendants' acts of infringement are willful and for no other purpose than to deliberately and irreparably harm Plaintiffs' business, sales, reputation, and good-will.

48.     Plaintiffs have been substantially harmed by Defendants' infringing activities and are entitled to relief including but not limited to a preliminary

COMPLAINT FOR PATENT
INFRINGEMENT - 19

injunction, a permanent injunction, damages adequate to compensate for the infringement, being lost profits or no less than a reasonable royalty, treble damages, and attorneys' fees.

## COUNT III – DIRECT INFRINGEMENT OF THE '336 PATENT

49.    The allegations set forth in paragraphs 1-48 are fully incorporated into this Third Count for Relief.

50.    Upon information and belief, Defendants have and continue to willfully directly infringe at least Claim 3 of the '336 Patent by making, using, selling, offering for sale, and/or importing without authority within the United States, the 'First Infringing Device.

51.    An exemplary comparison of the 'First Infringing Device with claim 3 of the '336 Patent is illustrated in the chart below:

| Claim Language | Infringing Device (Partisan Disruptor) |
|---|---|
| 3. A firearm trigger mechanism comprising: | The Infringing Device is firearm trigger mechanism. Defendants describe the "Partisan" trigger as a "Forced-Reset Drop-In Cassette Trigger FRT" on the website. (https://www.artakedowntool.com/products/partisan-forced-reset-drop-in-cassette-trigger-frt-ar-15-platform-usa-made). |

COMPLAINT FOR PATENT
INFRINGEMENT - 20

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| a housing having a first pair of transversely aligned openings for receiving a hammer pin and a second pair of transversely aligned openings for receiving a trigger member pin, |  |
| --- | --- |
| | The Infringing Device includes a housing that has first pair of transversely aligned openings for receiving a hammer pin and a second pair of transversely aligned openings for receiving a trigger member pin. |
| | The Infringing Devise is sold with hammer and trigger pins. |
| |  |

COMPLAINT FOR PATENT
INFRINGEMENT - 21

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| a hammer having a sear catch and a hook for engaging a disconnector and mounted in said housing to pivot on said hammer pin between set and released positions, said hammer adapted to be pivoted rearward by rearward movement of a bolt carrier, |  The Infringing Device includes a hammer that has a sear catch and a hook for engaging a disconnector and mounted in the housing to pivot on the hammer pin between set and released positions, the hammer adapted to be pivoted rearward by rearward movement of a bolt carrier |
| a trigger member having a sear and mounted in said housing to pivot on said trigger member pin between set and released positions, said trigger member having a surface positioned to be contacted by a surface of said hammer during rearward pivoting of said hammer to cause said trigger member to be forced to said set position, |  The Infringing Device includes a trigger member that has a sear and is mounted in the housing to pivot on the trigger member pin between set and released positions. |

COMPLAINT FOR PATENT
INFRINGEMENT - 22

| | |
|---|---|
| | The trigger member has a surface positioned to be contacted by a surface of the hammer during rearward pivoting of the hammer to cause the trigger member to be forced to the set position. |
| wherein said sear and sear catch are in engagement in said set positions of said hammer and trigger member and are out of engagement in said released positions of said hammer and trigger member, | The sear and sear catch are in engagement in the set positions of the hammer and trigger member and are out of engagement in the released positions of the hammer and trigger member. |
| a disconnector having a hook for engaging said hammer and mounted in said housing to pivot on said trigger member pin, | |

COMPLAINT FOR PATENT
INFRINGEMENT - 23

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| | The Infringing Device includes a disconnector that has a hook for engaging the hammer and mounted in the housing to pivot on the trigger member pin. |
| a locking member mounted in said housing to pivot on a transverse locking member pin, said locking member being pivotable between a first position at which said locking member mechanically blocks said trigger member from moving to said released position and a second position at which said locking member does not mechanically block said trigger member allowing said trigger member to be moved to said released position, said locking member spring biased toward said first position and adapted to be moved against said spring bias to said second position by contact from the bolt carrier during forward movement of the bolt carrier as the bolt carrier reaches a substantially in-battery position, and | The Infringing Device includes a locking member mounted in the housing to pivot on a transverse locking member pin. The locking member is pivotable between a first position at which the locking member mechanically blocks the trigger member from moving to the released position and a second position at which the locking member does not mechanically block the trigger member, allowing the trigger member to be moved to the released position. The locking member is spring biased toward the first position and adapted to be moved against the spring bias to the second position by contact from the bolt carrier during forward movement of the bolt carrier as the bolt carrier reaches a substantially in-battery position. |

COMPLAINT FOR PATENT
INFRINGEMENT - 24

| | |
|---|---|
| a safety selector adapted to be mounted in a fire control mechanism pocket of a receiver to pivot between safe, standard semi-automatic, and forced reset semi-automatic positions, said safety selector configured such that, when said safety selector is in said forced reset semi-automatic position, said safety selector causes said disconnector to be repositioned and in doing so prevents said disconnector hook from catching said hammer hook, |  The Infringing Device includes a safety selector that is mounted in a fire control mechanism pocket of a receiver to pivot between safe, standard semi-automatic, and forced reset semi-automatic positions. The safety selector is configured such that, when said safety selector is in the forced reset semi-automatic position, it causes the disconnector to be repositioned and in doing so prevents the disconnector hook from catching the hammer hook. |
| whereupon in said standard semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook catches said hammer hook, at which time a user must manually release said trigger member to free said hammer from said disconnector to permit said hammer and | When in the standard semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of the hammer such that the disconnector hook catches said hammer hook, at which time a user must manually release the trigger member to free the hammer from the disconnector to permit the hammer and trigger member to pivot to the set positions so that the user can pull the trigger member to fire the firearm. |

COMPLAINT FOR PATENT INFRINGEMENT - 25

| | |
|---|---|
| trigger member to pivot to said set positions so that the user can pull said trigger member to fire the firearm, and | |
| whereupon in said forced reset semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of said hammer causing said trigger member to be forced to said set position, said safety selector preventing said disconnector hook from catching said hammer hook, and thereafter when the bolt carrier reaches the substantially in-battery position the user can pull said trigger member to fire the firearm without manually releasing said trigger member. | When in the forced reset semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of the hammer, causing the trigger member to be forced to the set position. The safety selector prevents the disconnector hook from catching the hammer hook. Thereafter, when the bolt carrier reaches the substantially in-battery position, the user can pull the trigger member to fire the firearm without manually releasing the trigger member. |

52.     Accordingly, Defendant's sale and/or offer to sell the 'First Infringing Device is direct infringement under 35 U.S.C. § 271(a).

53.     Accordingly, the Defendants' making, using, selling, offering for sale, and/or importing of the First Infringing Device is a direct infringement of the '336 Patent.

COMPLAINT FOR PATENT
INFRINGEMENT - 26

54. Defendants' acts of infringement are willful and for no other purpose than to deliberately and irreparably harm Plaintiffs' business, sales, reputation, and good-will.

55. Plaintiffs have been substantially harmed by Defendants' infringing activities and are entitled to relief including but not limited to a preliminary injunction, a permanent injunction, damages adequate to compensate for the infringement, being lost profits or no less than a reasonable royalty, treble damages, and attorneys' fees.

## COUNT IV – DIRECT INFRINGEMENT OF THE '807 PATENT

56. The allegations set forth in paragraphs 1-55 are fully incorporated into this Fourth Count for Relief.

57. Upon information and belief, Defendants have and continue to willfully directly infringe at least claim 1 of the '807 Patent by making, using, selling, offering for sale, and/or importing without authority within the United States, the 'First Infringing Device.

58. An exemplary comparison of the 'First Infringing Device with claim 1 of the '807 Patent is illustrated in the chart below:

| Claim Language | The infringing Device (Partisan Disruptor) |
| --- | --- |
| 1. A firearm trigger mechanism comprising: | The Infringing Device is a firearm trigger mechanism. Defendants describe the "Partisan" trigger as a "Forced-Reset Drop-In Cassette Trigger FRT" on the website. |

COMPLAINT FOR PATENT
INFRINGEMENT - 27

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| | (https://www.artakedowntool.com/products/partisan-forced-reset-drop-in-cassette-trigger-frt-ar-15-platform-usa-made). |
| a hammer having a sear catch and a hook and adapted to be mounted in a fire control mechanism pocket of a receiver to pivot on a transverse hammer pivot axis between set and released positions, said hammer adapted to be pivoted rearward by rearward movement of a bolt carrier, | The Infringing Device includes a hammer mounted in a housing that fits within a fire control mechanism pocket of an AR15 receiver with a hammer pin.<br> |
| a trigger member having a sear and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse trigger member pivot axis between set and released positions, said trigger member having a surface positioned to be contacted by a surface of said hammer during rearward pivoting of said hammer to cause said trigger member to be forced to said set position, | The Infringing Device includes a trigger member that has a sear and is mounted in the housing to pivot on the trigger member pin between set and released positions. The trigger member has a surface positioned to be contacted by a surface of said hammer during rearward pivoting of the hammer to cause the trigger member to be forced to the set position. |

COMPLAINT FOR PATENT
INFRINGEMENT - 28

|  | |
|---|---|
| |  |
| wherein said sear and sear catch are in engagement in said set positions of said hammer and trigger member and are out of engagement in said released positions of said hammer and trigger member, | The sear and sear catch are in engagement in the hammer and trigger member set positions and are out of engagement in the hammer and trigger member released positions. |
| a disconnector having a hook for engaging said hammer hook and adapted to be mounted in the fire control mechanism pocket to pivot on a transverse disconnector pivot axis, | <br><br>The Infringing Device includes a disconnector that has a hook for engaging the hammer and is mounted in the housing to pivot on the trigger member pin. |

COMPLAINT FOR PATENT
INFRINGEMENT - 29

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| a locking member adapted to be movably mounted in the fire control mechanism pocket, said locking member being movable between a first position at which said locking member mechanically blocks said trigger member from moving to said released position and a second position at which said locking member does not mechanically block said trigger member allowing said trigger member to be moved to said released position, said locking member spring biased toward said first position and adapted to be moved against said spring bias to said second position by contact from the bolt carrier during forward movement of the bolt carrier as the bolt carrier reaches a substantially in-battery position, and |   The Infringing Device includes a locking member mounted in the housing to pivot on a transverse locking member pin. The locking member is pivotable between a first position at which it mechanically blocks the trigger member from moving to the released position and a second position at which it does not mechanically block the trigger member, allowing the trigger member to be moved to the released position. The locking member is spring biased toward the first position and is moved against the spring bias to the second position by contact from the bolt carrier during forward movement of the bolt carrier as the bolt carrier reaches a substantially in-battery position. |
|---|---|
| a safety selector adapted to be movably mounted in the fire control mechanism pocket to move between safe, standard semi-automatic, | The Infringing Device includes a safety selector that is mounted in the fire control mechanism pocket of a receiver to pivot between safe, standard semi-automatic, and forced reset semi-automatic positions. |

COMPLAINT FOR PATENT
INFRINGEMENT - 30

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| and forced reset semi-automatic positions, |  |
| whereupon in said standard semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of said hammer such that said disconnector hook catches said hammer hook, at which time a user must manually release said trigger member to free said hammer from said disconnector to permit said hammer and trigger member to pivot to said set positions so that the user can pull said trigger member to fire the firearm, and | When in the standard semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of the hammer such that the disconnector hook catches the hammer hook, at which time a user must manually release the trigger member to free the hammer from the disconnector to permit the hammer and trigger member to pivot to the set positions so that the user can pull the trigger member to fire the firearm.  |
| whereupon in said forced reset semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of said | When in the forced reset semi-automatic position, rearward movement of the bolt carrier causes rearward pivoting of the hammer, causing the trigger member to be forced to the set position. The safety selector prevents the disconnector hook from catching the hammer hook. Thereafter, when the |

COMPLAINT FOR PATENT
INFRINGEMENT - 31

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

| | |
|---|---|
| hammer causing said trigger member to be forced to said set position, said safety selector preventing said disconnector hook from catching said hammer hook, and thereafter when the bolt carrier reaches the substantially in-battery position the user can pull said trigger member to fire the firearm without manually releasing said trigger member. | bolt carrier reaches the substantially in-battery position, the user can pull the trigger member to fire the firearm without manually releasing the trigger member. |

59. Accordingly, Defendants' use, sale and/or offer to sell the 'First Infringing Device is direct infringement under 35 U.S.C. § 271(a).

60. Accordingly, the Defendants' making, using, selling, offering for sale, and/or importing of the First Infringing Device is a direct infringement of the '807 Patent.

61. Defendants' acts of infringement are willful and for no other purpose than to deliberately and irreparably harm Plaintiffs' business, sales, reputation, and good-will.

62. Plaintiffs have been substantially harmed by Defendants' infringing activities and are entitled to relief including but not limited to a preliminary injunction, a permanent injunction, damages adequate to compensate for the

COMPLAINT FOR PATENT
INFRINGEMENT - 32

infringement, being lost profits or no less than a reasonable royalty, treble damages, and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a.   A judgment in favor of Plaintiffs that Defendants have infringed the '223 Patent;

b.   A preliminary injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '223 Patent during the pendency of this case, or other such equitable relief as the Court determines is warranted;

c.   A permanent injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '223 Patent, or other such equitable relief as the Court determines is warranted;

d.   A judgment and order requiring Defendants to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '223 Patent as provided under 35 U.S.C. § 284,

COMPLAINT FOR PATENT
INFRINGEMENT - 33

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

including a finding that Defendants' infringement of the '223 Patent was willful, making this an exceptional case and awarding treble damages and attorneys' fees, and an accounting of any ongoing post-judgment infringement;

e.    A judgment in favor of Plaintiffs that Defendants have infringed the '003 Patent;

f.    A preliminary injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '003 Patent during the pendency of this case, or other such equitable relief as the Court determines is warranted;

g.    A permanent injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '003 Patent, or other such equitable relief as the Court determines is warranted;

h.    A judgment and order requiring Defendants to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '003 Patent as provided under 35 U.S.C. § 284, including a finding that Defendants' infringement of the '003 Patent was willful,

COMPLAINT FOR PATENT
INFRINGEMENT - 34

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

making this an exceptional case and awarding treble damages and attorneys' fees, and an accounting of any ongoing post-judgment infringement;

i.   A judgment in favor of Plaintiffs that Defendants have infringed the '336 Patent;

j.   A preliminary injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '336 Patent during the pendency of this case, or other such equitable relief as the Court determines is warranted;

k.   A permanent injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '336 Patent, or other such equitable relief as the Court determines is warranted;

l.   A judgment and order requiring Defendants to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '336 Patent as provided under 35 U.S.C. § 284, including a finding that Defendants' infringement of the '336 Patent was willful,

COMPLAINT FOR PATENT
INFRINGEMENT - 35

making this an exceptional case and awarding treble damages and attorneys' fees, and an accounting of any ongoing post-judgment infringement;

m.    A judgment in favor of Plaintiffs that Defendants have infringed the '807 Patent;

n.    A preliminary injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '807 Patent during the pendency of this case, or other such equitable relief as the Court determines is warranted;

o.    A permanent injunction enjoining Defendants and their principals, agents, successors, assigns, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the '807 Patent, or other such equitable relief as the Court determines is warranted;

p.    A judgment and order requiring Defendants to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '807 Patent as provided under 35 U.S.C. § 284, including a finding that Defendants' infringement of the '807 Patent was willful,

COMPLAINT FOR PATENT
INFRINGEMENT - 36

**Dunn&Black, P.S.**
A Professional Service Corp.

111 North Post Street, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

making this an exceptional case and awarding treble damages and attorneys' fees, and an accounting of any ongoing post-judgment infringement;

q.    Any and all other relief, at law or equity, to which Plaintiffs may show themselves to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED this 13th day of January, 2026

s/ SUSAN C. NELSON
SUSAN C. NELSON, WSBA #35637
Attorney for Plaintiffs
Dunn & Black, P.S.
111 North Post Street, Suite 300
Spokane, WA 99201
Telephone:  (509) 455-8711
Fax:  (509) 455-8734
Email: snelson@dunnandblack.com

Glenn D. Bellamy (pro hac vice motion forthcoming)
Attorney for Plaintiffs
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
Tel: (513) 707-0243
Fax: (513) 241-6234
E-mail: gbellamy@whe-law.com

COMPLAINT FOR PATENT
INFRINGEMENT - 37